UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRCG, LLC and LEE J. BELLISARIO,<br><br>        Plaintiffs,<br><br>v.<br><br>WILLIAM NAGLE D/B/A W.J. NAGLE,<br>INC. and WILLIAM J. NAGLE,<br>INDIVIDUALLY<br><br>        Defendants. | Civil Action No. |

## NOTICE OF REMOVAL

Defendants William Nagle d/b/a W.J. Nagle, Inc. ("W.J. Nagle, Inc.") and William J. Nagle, Individually ("Mr. Nagle") (collectively, "Defendants") hereby remove the above-captioned action, currently pending in the Commonwealth of Massachusetts Trial Court, Superior Court Department for Suffolk County, to the United States District Court for the District of Massachusetts. Defendants remove this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and L.R., D. Mass. 81.1.

As grounds for removal, Defendants state as follows:

### Background

1. On information and belief, on or about April 2, 2018, Plaintiffs BRCG, LLC ("BRCG") and Lee J. Bellisario ("Mr. Bellisario") (collectively, "Plaintiffs") filed a Verified Complaint, Request for Declaratory Judgement and Jury Demand with the Clerk of Courts for the County of Suffolk (the "State Court Action"). The State Court Action was assigned Civil Action No. 1884CV01029.

2. On information and belief, on or about April 2, 2018, Plaintiffs sent a copy of the Complaint by First Class mail to Defendants in New Jersey.

3. The Complaint asserts claims for Declaratory Judgment/Existence of a General Partnership (Count I); Breach of Fiduciary Duty (Count II); Injunctive Relief (Count III); Breach of Contract (Count IV); Breach of the Covenant of Good Faith and Fair Dealing (Count V); Breach of Implied Conditions (Count VI); Unclean Hands (Count VII); G.L. c. 93A §11 (Count VIII); Trespass to Chattels (Count IX) and Conversion (Count X). See Complaint, ¶¶50-132. Although service was not proper under Massachusetts law, had service properly been made, the time for filing a responsive pleading would have been April 25, 2018.

**Grounds for Removal**

4. Pursuant to 28 U.S.C. § 1441(a), removal is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." This Court has original jurisdiction over this action based on diversity of citizenship because, as shown below, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a).

*Amount in Controversy Exceeds $75,000*

5. In the State Court Action, Plaintiffs seek damages in excess of $75,000. As the parties seeking to remove the case to this Court, Defendants must show by "a reasonable probability" that the amount in controversy exceeds $75,000. Consigli Constr. Co. v. Travelers Indem. Co., 256 F. Supp. 3d 62, 66 n. 2 (D. Mass. 2017).

6. The Civil Action Cover Sheet filed with the Complaint states that Plaintiffs are claiming damages of over $93,000. Civil Action Cover Sheet, attached as Exhibit A. Accordingly, it is clear from the face of the Complaint that the amount in controversy exceeds $75,000.

*Diversity of Citizenship: Matter is Between Citizens of Different States*

7. Plaintiff BRCG is a Massachusetts Limited Liability Company with a principal place of business in Massachusetts, and is therefore a citizen of Massachusetts. Complaint ¶1 (Exhibit A). Upon information and belief, all of BRCG's members reside in Massachusetts or Rhode Island. See BRCG, LLC Annual Report, attached as Exhibit B.

8. Plaintiff Mr. Bellisario is a citizen of Massachusetts. Complaint ¶3 (Exhibit A).

9. Defendant W.J. Nagle, Inc. is alleged to be a fictitious corporation, and therefore its citizenship is to be disregarded for the purposes of diversity. See 28 U.S.C. § 1441(b)(1). Nonetheless, W.J. Nagle, Inc. has a primary place of business in New Jersey, and is a New Jersey citizen. Complaint ¶4 (Exhibit A).

10. Defendant Mr. Nagle is a citizen of New Jersey. Complaint ¶5 (Exhibit A).

11. As Defendants W.J. Nagle, Inc. and Mr. Nagle are not citizens of the same state as Plaintiff BRCG and Mr. Bellisario, there is complete diversity among the parties to this action. 28 U.S.C. § 1332(a).

12. Removal on the basis of diversity of citizenship is not precluded by the provisions of 28 U.S.C. § 1441(b)(2) because Defendants W.J. Nagle, Inc. and Mr. Nagle are not citizens of the Commonwealth of Massachusetts, the State in which this action was brought.

**Procedural Requirements and Local Rules**

*Removal to Proper Court*

13. The United States District Court for the District of Massachusetts is the federal judicial district encompassing the Superior Court of Massachusetts (Suffolk County) where this suit was originally filed. Venue is therefore proper under 28 U.S.C. § 1441(a).

*Removal is Timely*

14. Defendants are entitled to remove the State Court Action at any time up to 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief on which the action is based. 28 U.S.C. § 1446(b).

15. The Complaint was mailed to Defendants on April 2, 2016. Therefore, Defendants have timely filed their Notice of Removal in this Court within 30 days after receipt of the Complaint.

*Pleadings and Process*

16. Attached hereto as Exhibit A is a copy of all pleadings received by Defendants in the State Court Action. See 28 U.S.C. § 1446(a).

17. Pursuant to Local Rule 81.1(a), Defendants will file certified or attested copies of all records, proceedings, and docket entries in the State Court Action within 28 days of the filing of this Notice.

18. Defendants have paid the appropriate filing fee to the Clerk of this Court upon filing of this Notice.

*Notice*

19. Defendants will file with the Clerk of the Superior Court of the Superior Court of Massachusetts (Suffolk County) and serve upon Plaintiff's counsel a Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit C.

*Signature*

20. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a).

## Conclusion

21.     Based upon the foregoing, this Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

22.     Defendants reserve the right to request a jury trial on all issues, and reserve all claims and defenses.

WHEREFORE, this action should proceed in the United States District Court for the District of Massachusetts, as an action properly removed thereto.

Respectfully submitted,

WILLIAM NAGLE D/B/A W.J. NAGLE, INC. and WILLIAM J. NAGLE, INDIVIDUALLY,

By their attorneys,

/s/ Maria T. Davis
David H. Rich (BBO# 634275)
drich@toddweld.com
Maria T. Davis (BBO# 675447)
mdavis@toddweld.com
Todd & Weld, LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626

Dated: April 12, 2018

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing Notice of Removal was served by U.S. Mail and e-mail upon all counsel of record in the State Court Action on April 12, 2018.

/s/ Maria T. Davis
Maria T. Davis